UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARNOLD S. PETERS,

                Plaintiff(s),

   v.

OAKLAND HOUSING AUTHORITY, et al.,

                Defendant(s).
_____/

No. C 06-2561 MHP

**ORDER DISMISSING COMPLAINT AND DENYING IN FORMA PAUPERIS STATUS**

       Plaintiff has filed this action which appears to make claims against various state, local and federal agencies and officers. The gist of the complaint which consists of sixty-five pages is difficult to discern. Plaintiff cites a variety of public law sections, federal statutes, sections of the Code of Federal Regulations and Federal Rules of Civil Procedure, the Sherman and Clayton Acts, "RICO", civil rights laws, "ERISA", various benefit, housing and tax laws, to mention only a few.

       Plaintiff's complaint is rambling and incoherent. Among the relief sought are arrest warrants for a number of federal employees, cease and desist orders and a class action default. In other words the complaint makes no sense and this court cannot determine what plaintiff is alleging.

       The district court may deny in forma pauperis status and even where the filing fee is paid dismiss a complaint sua sponte if federal subject matter jurisdiction is lacking or if the complaint is frivolous. See 28 U.S.C. §1915(e)(2). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

       Where a complaint fails to state "any constitutional or statutory right that was violated, nor asserts any basis for federal subject matter jurisdiction", there is no "arguable basis in law" under Neitzke and the court on its own initiative may decline to permit the plaintiff to proceed and dismiss the complaint under section 1915(d). Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

1    Furthermore, where the complaint is wholly lacking in merit, is "clearly baseless", "fanciful",
2 or "delusional" it may be dismissed as frivolous. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct.
3 1728, 1733 (1992). If the pro se plaintiff can cure the factual allegations in order to state a claim,
4 the court must give him or her leave to do so. Id. at 1734. However, if repleading cannot cure the
5 deficiences the court may dismiss without leave to amend, id., and even dismiss with prejudice. See
6 Cato v. United States, 70 F.3d at 1106.

7    It is doubtful that plaintiff can state a claim clearly enough to show a federal claim over
8 which this court has jurisdiction, even with the court trying to interpret it. However, the court will
9 dismiss this complaint without prejudice. If plaintiff seeks to amend his complaint he must state a
10 clear, plain and short statement of his claim that can be deciphered. It also must be a claim over
11 which this court has jurisdiction. If plaintiff intends to amend his complaint he must do so within
12 thirty (30) days of the date of this order.

13    Because of the problems with the complaint set forth above, plaintiff's application to file *in
14 forma pauperis* is DENIED. The complaint is DISMISSED.

15    IT IS SO ORDERED.

17 Dated: May 25, 2006

MARILYN HALL PATEL
Judge
United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**
For the Northern District of California

2